

# EPSTEIN SACKS PLLC

ATTORNEYS AT LAW

100 LAFAYETTE STREET - SUITE 502

NEW YORK, N.Y. 10013

(212) 684-1230

Fax (212) 571-5507

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

February 8, 2023

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Filed on ECF and by email to failla_nysdchambers@nysd.uscourts.gov

*United States v. Sururi Barbee*
20 Cr. 403 (KPF)

Dear Judge Failla:

    Please accept this letter as a motion pursuant to Section 28 U.S.C. § 2255 to set aside Mr. Barbee's sentence of 24 months for a violation of supervised release upon the grounds that it was unconstitutionally imposed due to ineffective assistance of counsel. For the reasons set forth below, we ask that Mr. Barbee be re-sentenced and that his bail be continued pending re-sentencing.

    We learned on February 1st that the Court had appointed us as CJA counsel in this case and we moved that same day for an emergency conference to extend his scheduled surrender date in order to permit us to move for additional relief. On February 2nd, the Court held a telephone conference and granted Mr. Barbee an extension of his surrender for two weeks and directed us to move expeditiously for any further relief. We endeavor to do so herein.

    A motion for ineffective assistance of sentencing counsel is properly made to the sentencing court pursuant to Section 2255. *See United States v. Moya*, 276 F. App'x 30, 31 (2d Cir. 2008) ("The facts relevant to the ineffectiveness claim are best developed in collateral habeas proceedings under 28 U.S.C. § 2255"); *United States v. Cimino*, 381 F.3d 124, 130 (2d Cir. 2004); *see also Map v. Reno*, 241 F.3d 226 n.5 (2d Cir. 2001) (bail pending outcome of habeas appropriate when motion raises substantial constitutional claim with high probability of success).

Included with this motion are a number of exhibits that support the relief requested.  First, we provide the Court with a copy of the sentencing transcript from defendant's underlying conviction, during which his mother, Roxanne Jones, testified that she was legally blind and suffered from additional serious and debilitating ailments including Multiple Sclerosis (MS) and kidney disease. She also testified that her son, Mr. Barbee was her primary caregiver.  We also provide the PSR from Mr. Barbee's underlying case.  In that report, probation noted that Mr. Barbee provided care for his mother "who is blind and suffers from a variety of illnesses[,]" and cited this as an "extraordinary family responsibility[y]" warranting a below guidelines sentence.  Probation has informed us that it never filed a supplement or update to this PSR in connection with the VOSR sentencing, and it appears that no presentence investigation was requested by counsel.

Also accompanying this motion are declarations from Mr. Barbee and his sister, Surayya Parker.  Both Mr. Barbee and Mrs. Parker state that prior to Mr. Barbee's sentencing by this Court each had informed his counsel on several occasions that their mother was blind, confined to a wheelchair and suffered from serious ailments, which have worsened, and that she relied on Mr. Barbee as her primary caregiver.  We also include a letter to the Court from Ms. Jones which describes in her own words the extent to which she relies on her son for help, and a letter from one of her doctors which supports Ms. Jones' need for care.

In addition, we provide the sentencing submission submitted to this Court by prior counsel before the sentencing on the VOSR and the transcript from that sentencing.  Prior counsel failed to say anything in the submission or at the VOSR sentencing about Mr. Barbee's mother's condition or Mr. Barbee's role in her care.  It was never mentioned.

On their face, these facts would seem to be the kind that fall under the sentencing factors of 18 U.S.C. §3553(a) that the Court would have considered in providing a lesser sentence for Mr. Barbee if they had been raised.  This is particularly true in the case of a VOSR sentence which is meant to impose respect for the law more than it is supposed to punish the underlying conduct.  *See* U.S.S.G. Ch. 7, Pt. A(3)(b).

Respectfully submitted,

*Sarah M. Sacks*

The Court is in receipt of Defendant's above motion for re-sentencing pursuant to 28 U.S.C. § 2255.  Because Defendant's motion is based on an allegation of ineffective assistance of counsel, the Government is ORDERED to promptly transmit a copy of the motion, along with its exhibits, to Defendant's prior counsel, Mr. Donaldson.  Mr. Donaldson is hereby ORDERED to file a statement under oath responding to the factual allegations in the motion on or before **February 24, 2023**.  The Government shall file a letter brief responding to the motion on or before **March 10, 2023**.  Defendant shall not file a reply brief unless ordered by the Court at a later date.

Defendant's surrender date is hereby ADJOURNED pending the resolution of the motion.

Dated:     February 9, 2023
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE